IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello,<br><br>            Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, et al.,<br><br>           Defendants. | No. CV-13-00081-PHX-PGR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

On June 8, 2015, without the Court's permission or Defendants' consent, Plaintiff filed a Third Amended Complaint. (Doc. 98.) The Court construed the filing as a motion for leave to file a third amended complaint. (Doc. 100.) On July 9, 2015, Defendants filed an opposition to the motion. (Doc. 110.) Plaintiff has not filed a reply and the time to do so has passed.

**I.  Background**

On January 11, 2013, Plaintiff filed a complaint to initiate this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On May 7, 2013, the Court granted Plaintiff in forma pauperis status and dismissed the complaint for failure to state a claim. (Doc. 11.) The Court granted Plaintiff leave to file an amended complaint. (*Id.*) On June 5, 2013, Plaintiff filed a First Amended Complaint. (Doc. 14.) On October 9, 2013, the Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A(a). (Doc. 16.) The Court found that the allegations in Count One stated an Eighth Amendment deliberate indifference claim against Defendants Charge Nurses Jane Doe One and Jane

1  Doe Two.  (Doc. 16 at 5-6.)  The Court permitted Plaintiff's claims against Jane Does
2  One and Two to proceed and directed him to provide the name of at least one of the Doe
3  Defendants named in Count One within thirty days of that order.  (Id. at 6.)  The Court
4  dismissed Plaintiff's claims asserted in the other counts of the First Amended Complaint.
5  (*Id.*)

6        On November 6, 2013, Plaintiff identified one of the Jane Doe defendants as
7  Charge Nurse CSO96.  (Doc. 17.)  The Court ordered service on Charge Nurse CSO96.
8  (Doc. 19.)  After service was returned unexecuted, on March 10, 2014, the Court granted
9  Plaintiff's motion for permission to conduct discovery related to the identity of Charge
10 Nurse CSO96.  (Doc. 22.)  On August 25, 2014, Plaintiff discovered that Charge Nurse
11 CS096 was Lillian Mastergeorge and she was served with the First Amended Complaint
12 on September 19, 2014.  (Docs. 31, 35.)

13       On October 19, 2014, the Court granted Plaintiff's motion for leave to file a
14 Second Amended Complaint.  (Doc. 40.)  The Court screened the Second Amended
15 Complaint.  The Court permitted Count One of the Second Amended Complaint to
16 proceed because it merely substituted Lillian Mastergeorge and A. Aquino for Jane Does
17 One and Two.  (Doc. 38 at 10, 12-15; Doc. 40 at 3.)

18       The Court also permitted Count Two of the Second Amended Complaint to
19 proceed against Defendants Steinhauser and Balji because Plaintiff sufficiently stated
20 Eighth Amendment claims against those defendants.  In Count Two, Plaintiff alleged that
21 Defendants Steinhauser and Balji interfered with his medical care by denying him
22 distilled water to operate a humidifier to treat his sleep apnea.  (Doc. 38 at 16-17; Doc. 40
23 at 3-4.)

24       Count Two of the Second Amended Complaint also alleged that Defendant John
25 or Jane Doe, health director at the Buckeye Jail, maintained policies or procedures that
26 caused interference, delay, or denial of Plaintiff's access to prescribed medical treatment.
27 (Doc. 38 at 19-20.)  The Court concluded that Plaintiff sufficiently stated a claim against
28 John or Jane Doe in Count Two.  (Doc. 40 at 5-6.)  The Court directed Plaintiff to

provide the identity of John or Jane Doe within sixty days of the date of the October 15, 2014 Order, and warned that failure to do so could result in dismissal of his claims again the Doe Defendant identified in Count Two.  (Doc. 40 at 6.)

In Count Three of the Second Amended Complaint, Plaintiff also alleged that Defendant Mastergeorge violated the First Amendment by failing to process or by destroying medical grievances.  (Doc. 38 at 21.)  The Court permitted Plaintiff to proceed on Count Three.  (Doc. 40 at 5-6.)

Defendants Steinhauser, Aquino, Balaji, and Mastergeorge were served and answered the Second Amended Complaint.  (Doc. 65.)  The Court issued a Scheduling Order that set June 4, 2015 as the deadline for joining parties or amending pleadings.  (Doc. 67.)  After conducting discovery, Plaintiff notified that Court that the Doe Defendant in Count Two was Jeffrey Alvarez and the Court ordered service on Defendant Alvarez.  (Doc. 83.)  On May 27, 2015, Defendant Alvarez answered the Second Amended Complaint.  (Doc. 92.)

In the meantime, on May 5, 2015, Defendant Aquino filed a motion for summary judgment on Count One of the Second Amended Complaint based on Plaintiff's alleged failure to exhaust administrative remedies on his claims related to his sleep apnea machine.  (Doc. 87.)  That motion was fully briefed as of July 27, 2015.  (Docs. 87, 101, 111.)  There are no other pending dispositive motions in this case and the dispositive motion deadline is November 2, 2015.  (Doc.67.)

**II.     Proposed Third Amended Complaint**

In the proposed third amended complaint, Plaintiff seeks to add three defendants, Sgt. Young, "H5115, medical director at Lower Buckeye Jail," and "Becky/Doe CS754," charge nurse at Lower Buckeye Jail (Doc. 98 at 2, 4.)  Specifically, he seeks to add defendants H5115 and CS754 to Count Two and he seeks to add a new count, Count Four, against Defendant Young alleging that he delayed forwarding, or did not process, Plaintiff's grievances related to his medical care.  (Doc. 96 at 14-15.)

Plaintiff filed the proposed third amended complaint, which the Court construed as a motion for leave to amend, before the deadline set forth in the Scheduling Order. (Doc. 67.) Accordingly, Rule 15(a) of the Federal Rules of Civil Procedure governs this motion. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-08 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (holding that a party seeking to amend a pleading after the scheduling order deadline must first show "good cause" for not amending the complaint sooner; and, if there is sufficient "good cause" established, the party next must show that the amendment would be proper under Rule 15)). Because Plaintiff has previously amended his complaint and Defendants oppose amendment, he needs the Court's permission to file a third amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

Although the decision to grant a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'[A] court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). The liberal policy in favor of amendments, however, is subject to limitations. Whether to grant a motion to amend depends on five factors: (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). As noted above, Plaintiff has previously amended his complaint. Accordingly, this factor weighs against amendment. The Court considers other four factors below.

### A.     Bad Faith, Prejudice, and Undue Delay

The first, second, and fourth factors are bad faith, prejudice to the opposing party, and undue delay. *Id.* at 204. Under *Johnson*, the focus of Rule 15(a) is on the bad faith of the party seeking to amend, and upon the prejudice to the opposing party. *Johnson*, 975 F.2d at 609. The party opposing amendment has the burden of showing prejudice or

1  bad faith.  *See Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating
2  that leave to amend should be freely given unless opposing party makes "an affirmative
3  showing of either prejudice or bad faith").  In their response to Plaintiff's motion,
4  Defendants do not argue that Plaintiff has acted in bad faith or that they would be
5  prejudiced by the amendment. (Doc. 110.)  Accordingly, the Court finds that there is no
6  "bad faith" or "prejudice."  Additionally, Defendants do not argue that Plaintiff unduly
7  delayed in filing his motion.  Accordingly, the Court does not find undue delay.

### B. Futility of Amendment

The third factor is "futility" of the amendment.  *Johnson*, 951 F.2d at 204.  A district court properly denies leave to amend when "the amendment would be futile . . . or would be subject to dismissal."  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient" (citation omitted)).  Defendants argue that the proposed amendments would be futile. (Doc. 110.)

#### 1. Proposed Amendment to Count Two

In his proposed third amended complaint, Plaintiff seeks to add H5115 and Becky/Doe CS754 as defendants in Count Two.  (Doc. 98.)  He alleges that these new defendants, along with Defendants Balaji and Steinhauser, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because they denied him distilled water for his sleep apnea machine. (Doc. 98 at 8-12.)

Defendants argue that the Court should deny Plaintiff leave to amend to add these defendants because amendment would be futile.  Defendants assert that the proposed defendants and the existing defendants are entitled to qualified immunity on Count Two because the defendants adhered to a "CHS policy that distilled water is not provided for DPAP machines."  (Doc. 110 at 2.)  Accordingly, Defendants argue that Ground Two "will be subject to summary judgment and adding additional defendants will be futile."

(*Id.*)  Defendants also argue that Plaintiff has not exhausted his administrative remedies as to his proposed claims against HS115.  (*Id.*)

Defendants, however, have not filed a dispositive issue asserting these issues and their motion does not provide sufficient information for the Court to determine whether these defenses preclude Plaintiff's claims against the proposed new defendants to Count Two.  Accordingly, the Court recommends that Plaintiff be granted leave to amend to add defendants CS754 and HS115 to Count Two.

### 2. Proposed Count Four

Plaintiff's proposed third amended complaint also includes an additional count, Count Four, against Defendant Sgt. Young.  (Doc. 14.)  Plaintiff alleges that Defendant Sgt. Young delayed forwarding or processing grievances.  (Doc. 98 at 14.)  Plaintiff's proposed Count Four does not include any details regarding the specific grievances or when this alleged conduct occurred.  Conclusory and vague allegations do not support a cause of action.  *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, permitting Plaintiff leave to amend to add Count Four would be futile.  Additionally, in their response, Defendants state that during his deposition, Plaintiff admitted that his claims against Sgt. Young arose in 2012.  (Doc. 110 at 4.)  Accordingly, his claims would be time barred under the limitations period applicable to § 1983 claims.  (*Id.*)  Plaintiff has not filed a reply addressing this assertion.  Thus, the Court should deny leave to amend to add Count Four because it appears that those claims are time barred and the amendment would be futile.

Accordingly,

**IT IS RECOMMENDED** that the Court grant Plaintiff's motion for leave to file a third amended complaint (Doc. 99), in part, and deny it, in part.

**IT IS FURTHER RECOMMENDED** that the Court grant Plaintiff leave to file a Third Amended Complaint that includes the claims against Defendants "H5115, medical director at Lower Buckeye Jail" and "Becky/Doe CS754" that are included in the proposed Third Amended Complaint.  (Doc. 98 at 8-12.)

**IT IS FURTHER RECOMMENDED** that the Court deny Plaintiff leave to file a Third Amended Complaint that includes the proposed Count Four.

**IT IS FURTHER RECOMMENDED** that, if the Court adopts this Report and Recommendation, the Court order Plaintiff to file within fifteen days of the Court's order, a Third Amended Complaint that includes Counts One, Two, and Three as they appear in the Proposed Third Amended Complaint, but that excludes proposed Count Four and Sgt. Young. Upon the filing of a Third Amended Complaint that complies with the Court's Order, the assigned magistrate judge will issue an order regarding service of the Third Amended Complaint on Defendants H5115 and CS754.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

///
///
///
///
///
///
///
///

Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of August, 2015.

_____
Bridget S. Bade
United States Magistrate Judge